UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KHALID ALGENDE, *pro se,*  :
          :
          Plaintiff,   :
          :   **MEMORANDUM AND ORDER**
          -against-   :   14-CV-2518 (DLI) (LB)
          :
BAY RIDGE FEDERAL CREDIT UNION, :
          :
          Defendant.  :
          :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Khalid Algende (the "Plaintiff") filed the instant action against Defendant Bay Ridge Federal Credit Union (the "Defendant"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes this motion. For the reasons stated below, the action is dismissed without prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to stay the closure of this case as Plaintiff is granted leave to file an amended complaint NO LATER THAN April 9, 2015.

## BACKGROUND

      When deciding a motion to dismiss, all factual allegations in the Plaintiff's Complaint (the "Complaint") are presumed to be true and viewed in a light most favorable to the Plaintiff. *See Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993). Plaintiff, along with non-party co-borrowers and Bay Ridge Federal Credit Union, entered into a loan agreement for $16,500 on

1

July 17, 2009. (Borrower's Statement attached to the Complaint, Dkt. Entry 1.) On or about December 28, 2012, Bay Ridge Federal Credit Union filed a lawsuit against Plaintiff in Kings County Civil Court seeking to collect $10,817.76 allegedly owed on the loan. (Compl. ¶¶ 5-6.) Information regarding the loan was also sent to Experian Consumer Credit Reporting Agency and reported on Plaintiff's consumer credit report. (*Id.* ¶¶ 13-15; Experian Consumer Credit Report attached to Compl.) Plaintiff disputes the amount owed to Bay Ridge Federal Credit Union and the information regarding the loan that Defendant provided to Experian. (Compl. ¶¶ 7-10, 14-15.) Plaintiff wrote to Experian on several occasions disputing the information in his consumer credit report. (*Id.* ¶14.) Defendant has neither provided evidence of the alleged debt to Experian nor investigated Plaintiff's disputes. (*Id.* ¶¶ 14-16, 18-19.)

On April 21, 2014, Plaintiff filed the instant action alleging that Defendant: 1) reported derogatory information about Plaintiff to one or more consumer reporting agencies (*Id.* ¶ 13); 2) has not provided evidence of the alleged debt to either Plaintiff or Experian (*Id*. ¶ 15); 3) has not provided notice of the dispute to credit reporting agencies in violation of 15 U.S.C. § 1681s-2 (*Id.* ¶ 16); 4) failed to send Plaintiff written documentation of the amount of the debt within five business days in violation of 15 U.S.C. § 1692g (*Id.* ¶ 17); 5) failed to investigate Plaintiff's dispute and provide results of the investigation to Plaintiff within thirty days in violation of 15 U.S.C. § 1681s-2 (*Id.* ¶ 18); 6) did not notify Plaintiff of any determination that Plaintiff's dispute is frivolous within five business days in violation of 15 U.S.C. §1681s-2 (*Id.* ¶ 19); and 7) through its debt collector, sent two statements alleging balances owed that were different than the balances reported to Experian (*Id.* ¶ 20). The Complaint also alleges various claims not covered under the FCRA or FDCPA including that: 1) $1,500 of the $16,500 lent to Plaintiff was withheld by Defendant (*Id.* ¶¶ 7-8); 2) Plaintiff's attempts to pay the loan were rejected by

Defendant (*Id.* ¶¶ 9-10); 2) Defendant charged Plaintiff for Loan Protection Insurance from which Plaintiff has not benefitted (*Id.* ¶¶ 10-11); and 4) Plaintiff never was properly served in the underlying Kings County Civil Court action (*Id.* ¶12). Defendant opposes on the grounds that: 1) the FDCPA does not apply to it as it is not a debt collector (Mem. of Law in Support of Def.'s Mot. for Dismissal ("Def's Mem.") at 2-3, 6-7, Dkt. Entry 5); 2) there is no private right of action against the Defendant under the FCRA (*Id.* at 3-4, 7-8); 3) the allegations related to the loan dispute are covered under state and not federal law (*Id.* at 4); and the Plaintiff has failed to state a claim for which relief can be granted (*Id.* at 6).

## DISCUSSION

### I. Standard of Review

Rule 12 of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "lack of subject matter jurisdiction," FED. R. CIV. P. 12(b)(1), or for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not

dismiss a *pro se* complaint without granting the petitioner leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

## II. Liability Under the FCRA

The FCRA generally applies to consumer reporting agencies, which are defined in the statute as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f); *see also* 15 U.S.C. § 1681. However, the FCRA also imposes duties on "furnishers of information" to credit reporting agencies under 15 U.S.C. § 1681s-2 subsections (a) and (b). Although there is no private right of action through which Defendant could be held liable under subsection (a), *see Trikas v. Universal Card Servs. Corp.*, 351 F.Supp.2d 37, 44 (E.D.N.Y. 2005), subsection (b) does allow for a private right of action. The following duties are required of furnishers of information under subsection (b):

> [A]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title; [and]
> (C) report the results of the investigation to the consumer reporting agency . . . .

15 U.S.C. § 1681s-2(b)(1)(A-C). "[T]he duty to investigate in [s]ubsection (b) is triggered only after a furnisher of information received notice *from a credit reporting agency* of a consumer's dispute." *Kane v. Guaranty Residential Lending, Inc.*, 2005 WL 1153623, *4-5 (E.D.N.Y. May 16, 2005) (citing to 15 U.S.C. § 1681s-2(b)(1)); *see also Fashakin v. Nextel Communications*, 2006 WL 1875341, *4-5 (E.D.N.Y. July 5, 2006). Therefore, a plaintiff must show that the

4

defendant received notice of a dispute from a consumer reporting agency and then failed to investigate the dispute in order to support a claim under 15 U.S.C. § 1681s-2(b). *See Kane*, 2005 WL 1153623 at *4-5. Merely showing that the plaintiff notified the defendant of the dispute is not enough. *Id.*

Defendant is not a consumer reporting agency, but a furnisher of information. Therefore, 15 U.S.C. § 1681s-2 is the only FCRA section applicable to Defendant and subsection (b) of that section is the only section that allows Plaintiff to pursue a private cause of action. Although Plaintiff alleges violations of subsection (b) in claiming that Defendant failed to investigate Plaintiff's dispute and report the results of that investigation to Plaintiff, Plaintiff fails to allege any facts necessary to sustain a claim under this section. While alleging that he alerted Experian credit reporting agency of the inaccurate information reported by Defendant, Plaintiff does not allege that Experian informed Defendant of the dispute as is required to trigger Defendant's duties under the FCRA. Plaintiff, therefore, has failed to allege a violation under subsection (b) or any other part of the FCRA.

### III. Liability Under the FDCPA

Generally, the FDCPA does not apply to creditors. The statute defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. §1692a. The FDCPA only applies to a creditor when the creditor "'in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (quoting 15 U.S.C. § 1692a(6)); *see* S. Rep. No. 95–382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698.

Defendant is clearly a creditor attempting to collect a debt owed to it by Plaintiff. Defendant extended a loan to Plaintiff for $16,500 on July 17, 2009. While Plaintiff disputes the amount owed, he does not dispute that he borrowed money from Defendant. That loan is the debt Defendant is attempting to collect on now. As Defendant is not using any name to collect this debt other than its own, the FDCPA does not apply to it. Therefore, Plaintiff cannot seek relief against Defendant under the FDCPA and Plaintiff's claims that Defendant violated the FDCPA are dismissed.

### IV. Plaintiff's State Causes of Actions

As Plaintiff's federal causes of action under the FCRA and FDCPA are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims. *See* 28 U.S.C. § 1367(c). Therefore, Plaintiff's state claims are dismissed unless Plaintiff properly revives his federal FCRA claim.

### CONCLUSION

For the set forth reasons above, the Complaint is dismissed for failure to state a claim upon which relief can be granted. In light of plaintiff's *pro se* status, he is granted leave to amend the complaint in accordance with this Memorandum and Order NO LATER THAN April 9, 2015. If he elects to file an amended complaint, he must submit factual support for any allegation that Experian alerted Defendant to Plaintiff's dispute and that Defendant then did not take any action to investigate the matter, in violation of the FCRA. Plaintiff should specify which New York State or federal laws Defendant violated for any non-FCRA claims in the amended complaint. Plaintiff should not submit any claims regarding Defendant's violation of the FDCPA. Plaintiff is also directed that if he wishes to join any new defendant, he must do so in the amended complaint.

The amended complaint must be filed with the Court NO LATER THAN April 9, 2015, be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order. For the convenience of *pro se* plaintiff, "Instructions on How to Amend a Complaint" are attached to this Memorandum and Order. Plaintiff is advised that the amended complaint will replace the original pleading, however, he will not need to pay the Court's filing fee again. All further proceedings shall be stayed until April 9, 2015. If Plaintiff fails to file an amended complaint by April 9, 2015, or if the amended complaint fails to comply with this Memorandum and Order, this action will be dismissed with prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 9, 2015

/s/     
DORA L. IRIZARRY
United States District Judge